UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
FIRE AND CASUALTY INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY, ALLSTATE
NORTHBROOK INDEMNITY COMPANY,
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY and ALLSTATE
VEHICLE AND PROPERTY INSURANCE
COMPANY,

        Plaintiffs,

    -against-

DR. RONALD P. MAZZA D.C., P.C., INNOVATIVE
MR IMAGING, P.C., REDTREE RADIOLOGY, P.C.,
FAI CHU, L.AC., P.C., THERAPEUTIC PHYSICAL
THERAPY, P.C., ARON ROVNER, M.D., PLLC,
NASSAU CHIROPRACTIC SERVICES, P.C.,
ISLAND CHIROPRACTIC TESTING, P.C.,
COUNTY CHIROPRACTIC DIAGNOSTICS, P.C.,
    (the "Professional Corporate Defendants")

RONALD MAZZA, D.C., JASON GOLDBERG,
BRIAN GOLDBERG, GM PARTNERS WESTBURY,
LLC, NFWC RENTAL GROUP LTD., GOLDBERG
MANAGEMENT COMPANY, LLC, INNOVATIVE
IMAGING, INC., JOHN DOEs 1-10, ABC
CORPORATIONs 1-10,
    (the "Management Defendants")

JOHN T. RIGNEY, M.D., BIENVENIDO
CEBALLOS JR., P.T., LEILA MONTEFRIO
HISOLE-CEBALLOS, P.T., FAI CHU, D.C., L.AC.,
PATRICIA LIANTONIO, L.M.T., ARON ROVNER,
M.D., AHMED ELEMAM, M.D., BARBARA KLEIN,
L.M.T., MATTHEW ANSELMO, L.M.T., YOUNG
HO KANG, L.AC., SON H. HEE, L.AC., MARK
SOFFER, D.C.,
    (the "Individual Professional Defendants")

ELECTROSTIM MEDICAL SERVICES, INC.,
MARIO GARCIA, JR., CAROLINA ANALGESIC,
INC., CHRISTINE BAUER, ORTHOPRO SERVICES,

For Online Publication Only

**ORDER**
16-CV-5946 (JMA)(ARL)

1

INC., ORTHO SERVICES, INC., JACK AIZENSTEIN,
LIBERTY MEDICAL SOLUTIONS, LLC, LAURA
KAY and MATTHEW KAY,
    (the "DME Defendants")

               Defendants.
-------------------------------------------------------------------X

**APPEARANCES:**

    Brian Kaufman
    Vincent F. Gerbino
    Michael Anthony Callinan
    Bruno, Gerbino & Soriano, LLP
    445 Broad Hollow Road, Suite 220
    Melville, NY 11747 0
        *Attorneys for Plaintiff*

    Charles H. Horn
    Pablo A. Fernandez
    Russell Friedman & Associates LLP
    3000 Marcus Avenue, Suite 2E3
    Lake Success, NY 11042

    Roy W. Breitenbach
    Salvatorre Puccio
    Garfunkel Wild, P.C.
    111 Great Neck Road, Suite 503
    Great Neck, NY 11021
        *Attorneys for Defendants*

**AZRACK, United States District Judge:**

    Allstate Insurance Company and its subsidiaries, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Northbrook Indemnity Company, Allstate Property and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company (collectively, "Allstate" or "Plaintiffs") commenced this action against forty-one defendants seeking to recover more than $4.7 million in insurance payments obtained by the defendants' alleged fraud.  Allstate further seeks a declaration that it is not legally obligated to pay more than $5.5 million in pending claims submitted by the defendants.  Currently pending before the Court

are motions to dismiss filed by ten of the so-called "Professional Corporate Defendants" and their principals as well as defendants Anselmo and Liantonio, who are not associated with the Professional Corporate Defendants, (collectively, the "Moving Defendants").

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes the complaint's factual allegations to be true and draws all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). That principle, however, is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

While Allstate's first amended complaint (the "Complaint") alleges numerous causes of action, Allstate essentially seeks relief on two theories. First, that the Moving Defendants were acting under the direction and control of the so-called "Management Defendants." The general allegations supporting this claim include, *inter alia,* that the PCs were fraudulently created and were actually controlled by the Management Defendants. Other allegations concern the purported landlord-tenant relationships between the Professional Corporate Defendants and the Management Defendants, relationships which Allstate claims are shams.

The second theory of relief is that all defendants were engaged in a scheme to increase billing to insurers such as Allstate by, *inter alia,* doing unnecessary work and cross-referring patients amongst themselves.

To the extent the Complaint does contain some specific factual allegations, those allegations pertain to the conduct of non-moving defendants. As to the Moving Defendants, however, the Complaint is devoid of *any* factual support for the conclusory allegations made against them under either theory of relief.

A full recitation of the Complaint's deficiencies is unnecessary. Instead, several examples are listed below.

Regarding the first theory, Allstate alleges,

> The Management Defendants paid the Individual Professional Defendants for the use of their licenses so as to fraudulently incorporate the Processional Corporate Defendants. The Professional Corporate Defendants rendered services at the Enterprise Locations under the intricate web of lease, subleases, and management agreements. The Professional Corporate Defendants were, therefore, fraudulently incorporated and not eligible to receive or keep No-Fault Benefits.

(Compl. ¶ 127.) There is not a single fact to support any of these allegations as to the Moving Defendants.

Allstate notes in the Complaint that it conducted Examinations Under Oath of some of the defendants prior to commencing this action and allege that the testimony elicited in those examinations "unequivocally established that the Management Defendants were illegally operating and controlling the Professional Corporate Defendants." (Compl. ¶ 109.) However, the Complaint does not include any factual information whatsoever to support this claim.

Another example, found in ¶ 120, concerns the Management Defendants' control of the Moving Defendants through the use of leases and subleases between the defendants that were not genuine, but rather "shams" to mask control by the Management Defendants. Again, there are no facts to support these allegations. While the Complaint alleges that the leases/subleases "are not

4

in accordance with fair market value as define by Public Health Law," (Compl. ¶ 120), it does not provide a single example to support the claim.

Furthermore, many if not all of the allegations of "control" concern the Management Defendants' relationship with the Professional Corporate Defendants. As Defendants Liantonio and Anselmo are not alleged to have created a professional corporation, it is particularly impossible to discern a plausible claim against them on the first theory of relief.

As to the alleged overbilling scheme, Allstate alleges that the defendant healthcare providers used a "predetermined protocol" of treatment. The allegation is conclusory and provides no specific facts about how that protocol allegedly worked. Similarly, Allstate alleges in ¶ 108 that they "uncovered a pattern of suspicious billing" from the Professional Corporate Defendants. (Compl. ¶ 108.) Despite the fact that Allstate must have detected such a pattern from the billings in their own possession, they do not provide a single example of such a pattern. Indeed, the Complaint fails to include a single example of a misrepresentation made by any of the Moving Defendants, a bill that was fraudulently submitted and paid, an insured who received any treatment, let alone unnecessary treatment. It contains no allegations regarding medical reports, bills, or claims. The Complaint also fails to include any allegations regarding which entities did the billing and actually received the payments from Allstate.

The Complaint's RICO and RICO conspiracy allegations are equally deficient. For instance, for Elemam PC, the Complaint is short on non-conclusory allegations regarding, *inter alia*, specific predicate acts.

For the foregoing reasons, the Court finds that the Complaint fails to state any plausible claim against the Moving Defendants. Accordingly, the pending motions to dismiss, docket numbers [117], [118], [119], [120], [121], [122], [123], and [124], are GRANTED.

Plaintiffs seek leave to replead in the event that the motions were granted. Defendants oppose this request on the grounds of "futility." Leave to file a Second Amended Complaint is GRANTED. Allstate must file and serve the amended complaint within 30 days from the date of this order.

**SO ORDERED.**

Date:  September 27, 2018                        /s/ (JMA)
       Central Islip, New York             JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE